UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL G. LEWIS,

                  Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____

**DECISION AND ORDER**

1:17-CV-00586 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Michael G. Lewis ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings (Dkt. 12; Dkt. 15) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion (Dkt. 12) is granted in part, the Commissioner's motion (Dkt. 15) is denied, and the case is remanded to the Commissioner for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed an application for DIB with the Social Security Administration (the "SSA") on August 13, 2013, alleging disability as of June 19, 2010.

(Dkt. 5 at 36).[1] Plaintiff's application was initially denied. (*Id.*). At Plaintiff's request, administrative law judge ("ALJ") Timothy M. McGuan held a hearing on November 18, 2015. (*Id.*). On March 18, 2016, the ALJ issued an unfavorable decision. (*Id.* at 36-41). The Appeals Council denied Plaintiff's request for review on May 16, 2017, rendering the ALJ's determination the final decision of the Commissioner. (*Id.* at 6-11). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998); *see also Wagner v. Sec'y of Health & Human Servs.*, 906

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II.     Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(a). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations from the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then she is not disabled. If she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520. (Dkt. 5 at 36-41). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2011. (*Id.* at 38).

At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of July 19, 2010, through December 31, 2011, his date last insured. (*Id.*). At step two, the ALJ determined that Plaintiff had the following medically determinable, non-severe impairment: status post motor vehicle accident. (*Id.*). The ALJ determined that Plaintiff had no severe impairments. (*Id.*). Thus, the ALJ concluded that Plaintiff was not under a

disability at any time from the alleged onset date through the date last insured and denied Plaintiff's application for DIB. (*Id.* at 41).

## II. Analysis

Plaintiff argues that reversal is required because the ALJ made an improper step two denial and erred in substituting his own medical judgment for the weight of medical authority. (Dkt. 12-1 at 13).

Step two of the five step evaluation is commonly known as the "severity regulation." *See Dixon v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995). The severity regulation provides:

> You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). A claimant bears the burden of establishing that he has a "severe impairment." 20 C.F.R. § 404.1512(a); *Woodmancy v. Colvin*, 577 F. App'x 72, 74 (2d Cir. 2014).

The United States Court of Appeals for the Second Circuit has held that the "standard for a finding of severity under Step Two of the sequential analysis is *de minimis* and is intended only to screen out the very weakest cases." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). Even so, the "mere presence of a disease or impairment is not, by itself, sufficient to render a condition severe." *Briggs v. Astrue*, No. 09-CV-1422 FJS/VEB, 2011 WL 2669476, at *3 (N.D.N.Y. Mar. 4, 2011) (internal quotation marks omitted), *report and recommendation adopted*, No. 5:09-CV-1422 FJS/VEB, 2011 WL 2669463 (N.D.N.Y. July 7, 2011). A finding of "not severe" should be made "if the

medical evidence establishes only a slight abnormality which would have no more than a minimal effect on an individual's ability to work." *Id.* (internal quotation marks omitted).

Plaintiff argues that the ALJ concluded, without medical authority, that Plaintiff had no severe impairments prior to his date last insured. (Dkt. 12-1 at 14-15). Plaintiff contends that in reaching that conclusion, the ALJ noted that there were "no medical opinions during the relevant time period regarding [Plaintiff's] functional abilities and limitations" (Dkt. 5 at 40) but, despite that acknowledgement, the ALJ erroneously failed to develop the record. (Dkt. 12-1 at 16). Plaintiff contends that rather than developing the record, the ALJ substituted his own opinion for medical authority in determining that Plaintiff's impairments were not severe prior to August 2013. (*Id.* at 16-17). Defendant responds that the ALJ concluded, appropriately, that the record does not support a finding that Plaintiff suffered from a severe impairment prior to his date last insured. (Dkt. 15-1 at 10-13).

In his decision, the ALJ stated that Plaintiff was in a motor vehicle accident on July 19, 2010. (Dkt. 5 at 39). He noted that there was "limited relevant evidence" from the period between Plaintiff's accident and his date last insured—December 31, 2011. (*Id.* at 39). The ALJ stated that after the accident, Plaintiff was shown to have left rib fractures and a lung contusion. (*Id.* at 39-40, 219). Three days later, Plaintiff complained of an unsteady gait, but examination yielded "normal results and a CT scan of the head was unremarkable." (*Id.* at 40, 234, 242, 278, 434). "A CT scan of the cervical spine was also normal." (*Id.* at 40, 281 (Radiology report stating "[n]o fracture or dislocation is visualized")). In August 2010, Plaintiff was seen for left hand numbness and imbalance.

(*Id.* at 39, 254). His reflexes, sensation, and gait were all normal. (*Id.* at 39, 255). In September, Plaintiff underwent an EMG and nerve conduction study, and the results were normal. (*Id.* at 39, 253, 434-35). In September 2011, Plaintiff presented with right shoulder pain after suffering from a fall, but an X-ray showed no apparent fracture. (*Id.* at 39, 258). The ALJ stated that the foregoing is the extent of the medical evidence in the record from the period of time between the motor vehicle accident and Plaintiff's date last insured.

The ALJ concluded that Plaintiff suffered from no severe impairments prior to his date last insured based on the treatment records, summarized above, which contained "no medical opinions during the relevant time period regarding [Plaintiff's] functional abilities and limitations." (*Id.* at 41). Plaintiff argues that the ALJ was required to developed the record and failed to do so. (Dkt. 12-1 at 16-18).

Although "[t]he claimant has the general burden of proving that he or she has a disability within the meaning of the Act . . . .because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and brackets omitted). "In fact, where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history. . . ." *Rosa*, 168 F.3d at 79. "Ultimately, 'it is the ALJ's duty to investigate and develop the arguments both for and against the granting of benefits.'" *Amrock v. Colvin*, No. 3:12-CV-55(FJS), 2014 WL 1293452, at *4 (N.D.N.Y. Mar. 31, 2014) (quoting *Butts v. Barnhart*,

388 F.3d 377, 386 (2d Cir. 2004)). "This affirmative obligation is present even when counsel represents the claimant." *Id.*

The duty to develop the record generally includes a duty to obtain a report from the claimant's treating physician. *Devora v. Barnhart*, 205 F. Supp. 2d 164, 175 (S.D.N.Y. 2002) (remanding for development of the record where medical evidence consisted of raw medical records and ALJ did not make "every reasonable effort" to help the claimant get medical report from treating physician (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996))); *see also Covey v. Colvin*, 204 F. Supp. 3d 497, 506 (W.D.N.Y. 2016) (remanding for further development of the record where ALJ rejected opinion of treating physician, creating gap in administrative record). The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion. *Burgess*, 537 F.3d at 129.

Here, the ALJ concluded that Plaintiff's impairments were not severe based on bare medical records. He made no effort to fill the gaps in the record by seeking out the opinion of one of Plaintiff's treating physicians. Although the medical records from the relevant time period state, for the most part, that exam findings were normal, the records contain other information that an ALJ is not equipped to interpret, as a lay person. *See Morseman v. Astrue*, 571 F. Supp. 2d 390, 397 (W.D.N.Y. 2008) ("[T]he ALJ cannot substitute his own lay opinion in place of established acceptable medical authorities or treating sources."). For example, the medical notes from Plaintiff's July 22, 2010, CT scan state that Plaintiff had "[n]o significant acute pathology," but also note a "[s]mall 0.5 cm rounded hypodensity in the right frontal lobe gray matter near the gray-white junction from

a nonspecific and probably represents a prominent perivascular space." (Dkt. 5 at 242). Rather than contacting Plaintiff's treating physicians for interpretation of the medical record, the ALJ concluded that Plaintiff's impairments were not severe, based on his own opinion of the medical record. That was error, and remand is required for more complete development of the record.[2]

## CONCLUSION

Plaintiff's motion for judgment on the pleadings (Dkt. 12) is granted in part, the Commissioner's motion for judgment on the pleadings (Dkt. 15) is denied, and this matter is remanded to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: August 1, 2018
       Rochester, New York

---

[2] Because Plaintiff's other arguments also seek remand on the basis that the ALJ erroneously concluded that Plaintiff's impairments were not severe, the Court need not reach those additional arguments.